## **CONTINUATION OF CRIMINAL COMPLAINT**

### I. INTRODUCTION

1. I, Parker Jones, have been employed as a Special Agent with the Department of Homeland Security Investigations (HSI) since May 2021. During my tenure as a Special Agent, I completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia (FLETC). I also completed the United States Border Patrol Agent Basic Academy, the United States Citizenship and Immigration Services (USCIS) Officer Basic Training Academy, the USCIS Fraud Detection and National Security Officer Training, the FLETC Law Enforcement Instructor Training Program, and the USCIS Training Officer Certification Program.

2. Prior to my tenure as a Special Agent, I worked in numerous capacities within the Department of Homeland Security. I spent time as a sworn United States Border Patrol Agent working in the uniform, plain clothes, and prosecutorial units. I then transitioned to USCIS where I spent time as: an Immigration Services Officer II; a Senior Immigration Officer (Course Developer/ Instructor); a District Training Officer; and a Fraud Detection and National Security Immigration Officer. During my time with the Department of Homeland Security, I have worked criminal and administrative law cases.

3. As part of my duties as an HSI Special Agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the sexual exploitation of children (i.e. production of child pornography), in violation of 18 U.S.C. § 2251(a) and violations pertaining to the illegal production, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a). I have received training in the area of child pornography and child exploitation, and I have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256(8)) in many forms of media, including computer media.

4. I am familiar with the information contained in this continuation based on my own investigation and on information provided to me by other law enforcement officers and computer examiners who have engaged in investigations involving the distribution of child pornography and our collective training and experience.

5. The statements in this Continuation of Application for a Criminal Complaint and Arrest Warrant are based in part on information from

the United States Probation Office of the Western District of Michigan, other witnesses, my personal knowledge and my experience and training as an HSI Special Agent. This Continuation of Application for a Criminal Complaint and Arrest Warrant is offered to show there is probable cause for the requested warrant and does not set forth each and every fact known to me concerning this investigation.

6. The information in this Continuation establishes probable cause that Joshua HARRISON possessed child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

## II. FACTS SUPPORTING PROBABLE CAUSE

7. In January of 2023 Homeland Security Investigations (HSI) Grand Rapids received information from the United States Probation Office for the Western District of Michigan reporting that Probation Officers found suspected images of child pornography in HARRISON's possession.

8. Joshua HARRISON was sentenced by the Honorable Robert J. Jonker on June 21, 2016, to 78 months imprisonment and 10 years supervised release for the offense of Distribution of Child Pornography. HARRISON commenced supervised release on March 27, 2020.

9. On December 9, 2022, HARRISON failed to report to required treatment. On December 12, 2022, Probation Officer Tonika Cooper attempted to contact HARRISON at his residence; however, he was not home. HARRISON subsequently failed to report for drug testing on December 13, 2022.

10. On December 19, 2022, U.S. Probations Officers Cooper and Calvon Owens attempted contact with HARRISON at his residence. HARRISON was not present, but officers contacted the house manager of HARRISON's residence. The house manager gave officers a concerned look when U.S. Probations Officer Cooper stated that HARRISON did not have a telephone. The Officers asked the house manager if HARRISON had a cellular phone, and the house manager's response led U.S. Probation Officers to believe that HARRISON was in possession of a telephone.

11. Later on December 19, 2022, U.S. Probations Officers contacted HARRISON in Kalamazoo, Michigan. Officer Cooper questioned HARRISON about being in possession of a cellular phone that he had not

reported. Officer Cooper explained to HARRISON that there was reasonable suspicion he was in possession of such a device and HARRISON had a court ordered search condition as a provision of his release. The Officers asked HARRISON to remove his jacket to see if he had any items prohibited by his conditions of supervised release. HARRISON provided the officers his jacket and admitted to them that there was a smart phone in the jacket. Officer Owens subsequently recovered a Motorola Android from one of the pockets of the jacket. HARRISON admitted the device was his and provided a passcode of 0819. HARRISON acknowledged to the Officers that he could have disclosed the device to the probation officer and been placed in computer monitoring as a condition of his release, but failed to do so. HARRISON admitted that the device would contain adult pornography. The Officers seized the phone, sealed the device in an evidence bag and provided HARRISON a copy of the property receipt.

12. Officer Cooper subsequently secured the device in her firearm safe accessible only to her. On December 22, 2022, Officer Cooper removed the device from her firearm safe and provided the device to Supervisory U.S. Probations Officer Scott Lopofsky. The Probation Office then secured the device in the Cybercrime evidence locker.

13. On January 10, 2023, Supervisory Officer Lopofsky removed the device from evidence and provided it to U.S. Probation Officer Zach Jabour for the purposes of a forensic examination. Officer Jabour performed an exam via Cellebrite. The examination found that the cellular telephone is a Motorola Moto G Stylus 5G and works over telephone wires and through the internet in and affecting interstate and foreign commerce. The device phone number is (269) 598-8707.

14. During the examination of the device, Officer Jabour discovered several images of suspected child pornography. Supervisory Officer Lopofsky was notified and reviewed the suspected child images. Probation determined that the office would cease any further action pending guidance from the U.S. Attorney's Office.

15. On January 10, 2023, Probation and the USAO contacted HSI Special Agent (SA) Tim Kruithoff and informed him of the suspected pornography on HARRISON's Motorola cell phone.

16. On January 12, 2023, SA Tim Kruithoff and I met with Supervisory Officer Lopofsky and conducted a review of the suspected child pornography images. Not all images were reviewed, but at least five (5) were images of naked female children under the age of 12 years old, displaying their genitalia, which I recognized to be images of child pornography.

17. The following are examples of those images of child pornography reviewed.
    a. Name:

       ppv2488397607439082439c06212bb-162e-4665-94ff-8fc7f7555460.jpeg

    b. Created on 12/15/2022

    c. Description: prepubescent female child sitting facing the camera, with her genitalia exposed to the camera. She is wearing a flowered shirt and sitting on a green blanket.

    d. Name:

       ppv41984975733207067765c98a8d9-4f51-40b5-8c10-4b278f9ca60d.jpeg

    e. Created on 12/16/2022

    f. Description: two prepubescent naked females. Sitting down on a wooden floor with their genitalia exposed to the camera. Both children have their right foot pulled up and have their toes near their mouth.

    g. Name: imgsrc.ru_74197913uqr.webp

    h. Created on 12/18/2022

    i. Description: Prepubescent female child naked on a beach holding a yellow sand toy. Her genitalia is visible to the camera.

These three (3) images of child pornography were located on the Motorola phone in a folder named "Pictures" in the internal storage location.

### III. CONCLUSION

18. Based upon the facts set forth above, I respectfully submit there is probable cause to believe that Joshua HARRISON possessed child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).